# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENUS LIFESCIENCES INC f/k/a : VALLEY TECHNOLOGIES, INC.,: : **Plaintiff,** : : v. : : **TAPAYSA ENGINEERING WORKS PVT. LTD.,** : : **Defendant.** : | CIVIL ACTION NO. 20-CV-3865 |

## MEMORANDUM

### I.   INTRODUCTION

Plaintiff Genus Lifesciences, Inc. ("Genus") brings this Motion to Serve Foreign Defendant Tapasya Engineering Works Pvt. Ltd. by Alternative Methods (ECF No. 9) and requests leave to serve Defendant Tapasya Engineering Works ("Tapasya"), a resident of India, by e-mail pursuant to Federal Rule of Civil Procedure 4(f). ECF No. 9 at 1. For the following reasons, the Court will grant Genus' Motion.

### II.   BACKGROUND

Genus filed the pending Complaint (ECF No. 1) against Tapasya on August 7, 2020. Tapasya is incorporated in and maintains its principal place of business in India. ECF No. 1 at ¶ 4. The Complaint alleges various common law contract

1

claims arising out of Tapasya's alleged "manufacture and delivery of defective products that did not comply with the parties' agreement and were not of merchantable quality." ECF No. 9 at 1. On August 12, 2020, the summons was issued.

On August 20, 2020, Genus provided a copy of the Summons and Complaint via mail to India's Ministry of Justice, Department of Legal Affairs. *See* ECF No. 7-2, Ex. A. UPS confirmed that the documents were delivered on August 26, 2020. *Id.* On September 12, 2020, Genus sent a copy of the Complaint to a Tapasya employee via e-mail. ECF No. 7-2, Ex. B at 5. On September 15. 2020, Genus mailed a courtesy copy of the Complaint to Tapasya. ECF No. 7-2, Ex. B at 7 FedEx confirmed that the documents were delivered on September 19, 2020. ECF No. 7-2, Ex. B at 6.

In September and October 2020, Genus sent three separate e-mails to India's Ministry of Justice, Department of Legal Affairs to confirm receipt of the Summons and Complaint. *See* ECF No. 7-2, Ex. C. Genus alleges that it has not received any response to those e-mails. ECF No. 9 at ¶ 6.

The Court granted two requests from Genus to extend the time to serve the Summons and Complaint. The first Order (ECF No. 8) was entered November 30, 2020 and extended the time to serve until January 14, 2021. The second Order (ECF No. 10) was entered January 15, 2021, and extended the time to serve to

March 15, 2021, while the Court evaluated the instant Motion to Serve Defendant by Alternative Methods (ECF No. 9). That Order also required Genus "to continue making efforts to serve Defendant under the traditional protocols, and to file status updates on the docket every 21 days or when any notable developments occur." ECF No. 9.

On February 5, 2021, Genus filed a Notice informing the Court that "India's Central Authority has not served Tapasya, nor has it responded to Genus's requests for confirmation that it will." ECF No. 11 at ¶ 1. The Notice also informed the Court that on January 14, 2021, Genus sent a letter, through its local Indian counsel, to Tapasya "outlining the key facts giving rise to this action and again provided a copy of the complaint." ECF No. 11 at ¶ 3. Genus received confirmation that the letter was delivered on January 15, 2021. ECF No. 11, Ex. A. On February 26, 2021, Genus filed a second Notice informing the Court that it had sent its fifth e-mail to India's Ministry of Justice to confirm receipt of the Complaint and received no response. ECF No. 12 at ¶ 3. In the same Notice, Genus informed the Court that, on February 18, 2021, it sent a follow-up e-mail to Dev Ashish Bakshi, Tapasya's Managing Director via two e-mail addresses requesting to discuss the case. ECF No. 12 at ¶ 4. Genus averred that Mr. Bakshi routinely responded to messages sent to those e-mail addresses in the past but that

he had not responded to the February 18 e-mail at the time the Notice was filed. ECF No. 12 at ¶ 4.

Upon consideration of the record, Genus's good faith effort to effectuate service though regular means, and the fact that Genus has yet to receive a response from India's Ministry of Justice, Department of Legal Affairs to effectuate service through those regular means after six months, the Court will grant Genus's request to serve Tapasya by e-mail for the reasons below.

A. *Service Under the Hague Service Convention*

Under the Federal Rules of Civil Procedure, a foreign plaintiff may be served at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1). The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (the "Service Convention") provides rules for serving international defendants who reside in a signatory country. The Service Convention applies "in all cases, in civil and commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention Art. 1, ¶ 1. Because Genus is attempting to serve a foreign defendant located in India, which is a signatory to the Service Convention, the Service Convention applies.

The Service Convention provides that "each contracting state shall designate a central authority which will undertake to receive requests for service coming from other contracting states," Service Convention Art. 2, and outlines procedures for submitting requests for service through the central authority. Hague Convention Art. 3–6. The Convention also allows for service through certain alternative channels not involving the foreign state's central authority. *See* Service Convention Art. 8–10. Relevant here, Article 10(a) of the Convention states that "*[p]rovided the State of destination does not object*, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad" (emphasis added). When India joined the Service Convention it expressly rejected the methods of service outlined in Article 10.[1] As a result, India has only expressly approved international service of process through its Central Authority.

B. *Service Under Rule of Civil Procedure 4(f)*

Rule 4(f)(3) provides district courts broad discretion to allow alternative service of process.[2] "The only limitations on Rule 4(f)(3) are that the means of

---

[1] *See* "India - Central Authority & Practical Information," HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW (last updated Jun. 22, 2017), https://www.hcch.net/en/states/authorities/details3/?aid=712 (indicating that India opposes Article 10 in its entirety).

[2] Rule 4(f) applies to service of individual defendants outside "any judicial district of the United States." Fed. R. Civ. P. 4(f). For foreign corporations, partnerships or associations outside the United States, Rule 4(h)(2) provides that service may be made "in any manner prescribed

service must be directed by the court and must not be prohibited by international agreement." *Knit With v. Knitting Fever, Inc.*, CIV.A. 08-4221, 2010 WL 4977944, at *3 (E.D. Pa. Dec. 7, 2010) (internal citations omitted); *see also* Fed. R. Civ. P. 4(f)(3). The method of service must also be reasonably calculated to give notice and satisfy due process. *See* Fed. R. Civ. P. 4(f), adv. comm. notes.

### III. DISCUSSION

**A. The Court has discretion to allow service by e-mail.**

Because no international agreement with India expressly provides for service by e-mail, the Court must determine whether it has discretion to allow such service under Rule 4(f)(3). The Court has discretion to do so as long as (1) service by e-mail is not *prohibited* by international agreement and (2) such service comports with due process. Fed. R. Civ. P. 4(f)(3) & (f), advisory comm. notes.

**1. Whether e-mail service is prohibited by international agreement.**

The first question turns on whether service by "postal channels" under Article 10(a) of the Service Convention includes service by e-mail. Because India has objected to service provided for under Article 10, allowing service by any means under Article 10 would violate an international agreement. If e-mail is a "postal channel," the Court is barred from granting Genus' Motion for Alternative

---

by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h).

Service under Rule 4(f)(3). If e-mail is not a "postal channel," then India's rejection of Article 10(a) does not reject e-mail service. The term "postal channels" in Article 10(a) is not defined within the Service Convention, and federal courts are split on whether "postal channels" includes service by e-mail.[3]

Genus argument reflects the majority view that a country's rejection of service by "postal channels" under Article 10(a) is not a rejection of service by e-mail. *See Patrick's Rest., LLC v. Singh*, 18CV00764ECTKMM, 2019 WL 121250, at *3 (D. Minn. Jan. 7, 2019) (collecting cases). Some courts siding with this view have found that a party to the Service Convention has an obligation to object to each method of service that it wishes to exclude. *See, e.g., F.T.C. v. PCCare247, Inc.*, 12-cv-7189, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013). Because the list of alternative service methods in Article 10(a) does not specifically identify "e-mail," a country's objection to Article 10(a) is not a specific rejection of e-mail service. *See, e.g., Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co., Ltd.*, 2:18-CV-01530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (collecting cases); *Jackson Lab. v. Nanjing Univ.*, 2018 WL 615667, at *4 (D. Me. Jan. 29, 2018) (same). This position relies on an understanding that "[e]mail does not fall within the text or the spirit of 'postal channels.'" *See Patrick's Rest., LLC,* 2019

---

[3] The Third Circuit has not yet evaluated this question. Additionally, to this Court's knowledge, the Third Circuit has not addressed the question of whether e-mail is a "postal channel" even outside the specific Article 10(a) rejection issue presented in this case.

WL 121250, at *3 (citation omitted); *see also Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331(S.D.N.Y. 2015) (noting that e-mail and postal mail differ in a number of relevant respects—namely that e-mail may be more reliable than long-distance postal communications and that the arrival of an e-mail is better tracked than postal mail).

Other courts take the opposite view and find that a country that has objected to service by "postal channels" has objected to service by e-mail. Some courts ascribing to this view have found that "postal channels" is broad enough to include email. *See e.g., Elobied v. Baylock*, 299 F.R.D. 105, 108 (E.D. Pa. 2014) (noting "postal channels" might be interpreted to allow service via e-mail); *Agha v. Jacobs*, C 07-1800 RS, 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008) (finding that there is no policy or other basis for distinguishing email and facsimile from the "postal channels" described in Article 10). Some find that "[t]he argument that a country that has objected to service by 'postal channels' in Article 10 has implicitly indicated that it would accept service by e-mail relies on a questionable reading of the Hague Service Convention that elevates form over substance." *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co.*, 2019 WL 7049504 at *4 (W.D. Pa. Dec. 23, 2019). As a result, some courts find that an objection to Article 10(a) must be construed as an objection to e-mail service.

Some courts frame the dispute more broadly and take the approach that e-mail service is not permissible because it is not a method of service provided for under the Service Convention. "Because email would bypass the methods of service the Hague Convention authorizes, the Convention preempts it as inconsistent." *Luxottica*, 391 F. Supp.3d at 827. And compliance with the Convention is required "in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft. Schlunk*, 486 U.S. 694, 699 (1988). Because service by e-mail is not provided under the Service Convention, they reason, it would be impermissible unless an exception applies allowing the Court to bypass the Service Convention. *See, e.g., Facebook, Inc. v. 9 Xiu Network (Shenzen) Tech. Co.*, 480 F. Supp.3d 977, 985-86 (N.D. Cal. 2020). For example, Article 15 of the Service Convention provides that alternative methods may be used if a Central Authority does not respond within six months. *See* Fed. R. Civ. P. 4 adv. comm. notes. Courts finding that e-mail is not allowed have noted that courts finding otherwise have done so after attempts to serve under the Hague Convention were unsuccessful. *See Habas Sinai,* 2019 WL 7049504, at *4 (collecting cases).

After weighing the merits of these arguments, this Court concludes that e-mail service is permissible here. The Court is persuaded by the majority view that the term "postal channels" cannot be construed to cover e-mail. Article 10(a) allows "the freedom to send judicial documents[] by postal channels." In this

Court's view, the text of the provision necessarily contemplates sending documents through the post, which in common parlance cannot be construed to include e-mail either in text or in spirit given the dissimilarities between e-mail and traditional mail. The Hague Service Convention—which was written in 1965—does not address electronic communications nor do the Federal Rules of Civil Procedure governing service of international defendants. *See* 20 U.S.T. 361; Fed. R. Civ. P. 4(f). Looking at the plain text of the Service Convention, and the understanding of the Convention at the time it was conceived, the Court finds that the term "postal channels" does not extend to service by e-mail.

Moreover, the Court need not determine whether service by e-mail is generally inconsistent with the Service Convention because the Service Convention allows for alternative means of service when a Central Authority has not responded within six months. *See* Fed. R. Civ. P. 4(f), advisory comm. notes. Because that exception applies here, and because India's objection to service under Article 10 did not object to service by e-mail, service by e-mail on Tapaysa is not inconsistent with the Service Convention. Because service by e-mail is not inconsistent with the Service Convention and because, to the Court's knowledge, there is no other agreement barring service by e-mail to defendants in India, the Court's discretion under Rule 4(f)(3) to allow service by e-mail is not limited by international agreement.

**2. Whether e-mail service comports with due process.**

Having found that India's rejection of service through "postal channels" does not prohibit service by e-mail, and that such service is not otherwise prohibited, the Court turns now to the question of whether allowing e-mail service on Tapasya will satisfy due process.

Due process requires that the method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("Under [the Due Process] Clause, foreign nationals are assured of either personal service, which typically will require service abroad and trigger the [Hague] Convention, or substituted service that provides 'notice reasonably calculated . . . .'").

As a general matter, service by e-mail has been upheld as satisfying the due process requirement. "Trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (cited favorably by *Marks L. Offices, LLC v. Mireskandari*, 704 F. App'x 171, 177 (3d Cir. 2017)).

Courts have generally granted requests for e-mail service where the moving party has presented some evidence that the defendant is likely to actually receive the e-mail containing the Summons and Complaint. *See Divx, LLC v. LG Elecs. Inc.*, CV 20-1202-CFC-JLH, 2021 WL 411708, at *2 (D. Del. Feb. 5, 2021) (granting request for service by e-mail to defendant's counsel where the record showed that counsel had been in contact with plaintiffs about the pending action); *Patrick's Rest., LLC v. Singh*, 18-CV-00764-ECT/KMM, 2019 WL 121250, at *4 (D. Minn. Jan. 7, 2019) (finding that service via e-mail satisfied due process where the record showed that the defendant frequently received business correspondence related to the instant matter at a particular e-mail address); *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010) (finding e-mail service on foreign defendants' U.S. counsel satisfied due process where the defendants were in "regular contact with their [U.S.] counsel").

Genus is aware of two e-mail addresses for Tapasya's Managing Director Dev Ashish Bakshi. ECF No. 12 at ¶ 4. In its Motion, Genus averred that it "routinely corresponded" with Mr. Bakshi at those e-mail addresses and that Mr. Bakshi "routinely responded." ECF No. 9 at ¶ 16. Though Genus has indicated that Mr. Bakshi has not responded to Genus' most recent e-mails regarding the present lawsuit, the earlier practice of correspondence is enough to persuade the Court that service to Mr. Bakshi's known e-mail addresses will likely be received and is

reasonably calculated to provide Tapasya with notice of the pending action. *See* ECF No. 12 at ¶ 4. It therefore comports with due process.

**B. The Court will exercise its discretion to allow service by e-mail.**

Because service by e-mail is not prohibited by international agreement and because it comports with due process, the Court can exercise its discretion to allow service via e-mail under Rule 4(f)(3). The Court chooses to do so here because Genus has already made reasonable, albeit unsuccessful, efforts to effectuate service on Tapasya through the Indian Central Authority and pursuant to the Hague Convention.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Genus' Motion to Serve Foreign Defendant Tapasya Engineering Works Pvt. Ltd. by Alternative Methods (ECF No. 9) and will grant Genus leave to serve Tapasya by e-mail pursuant to Federal Rule of Civil Procedure 4(f). An appropriate order will follow.