IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENUS LIFESCIENCES INC., | : | |
| f/k/a LEHIGH VALLEY | : | |
| TECHNOLOGIES, INC., | : | CIVIL ACTION |
|     *Plaintiff*, | : | |
| | : | |
|     v. | : | |
| | : | |
| TAPASYA ENGINEERING WORKS | : | |
| PVT. LTD., | : | |
|     *Defendant*. | : | No. 20-3865 |

**MEMORANDUM**

**Kenney, J.**                                                                                                 **November 29, 2021**

Plaintiff Genus Lifesciences Inc. ("Genus") asserts four causes of action against Defendant Tapasya Engineering Works Pvt. Ltd. ("Tapasya"): breach of contract (Count I), breach of express warranty (Count II), breach of implied warranty of fitness for purpose (Count III), and breach of implied warranty for merchantability (Count IV). Compl., ECF No. 1. This matter comes before us on Plaintiff's Motion for Entry of Default Judgment Against Defendant. ECF No. 20.

Tapasya is an Indian private limited company with a principal place of business in Thane, India. Compl. ¶ 3. Genus attempted to serve Tapasya pursuant to Federal Rule of Civil Procedure 4(f) and the Hague Convention by serving a copy of the Summons and Complaint to the Ministry of Justice, Department of Legal Affairs. Mot. Serve Alternative Methods. ECF No. 9 ¶ 4. Because Genus' service was unsuccessful, it sought permission to serve Tapasya by alternative methods—via email—which we granted. Order, ECF No. 14. On March 17, 2021, Genus served Tapasya via email. ECF No. 16; Tr. at 4, 6.

To date, Tapasya has not appeared or otherwise responded to any filing. ECF No. 20 ¶ 9. The Clerk entered default on April 13, 2021. *Id.* ¶ 10. We scheduled an evidentiary hearing on

Genus' Motion for Default Judgment for October 1, 2021 and ordered Genus to provide notice of the hearing to Tapasya. ECF No. 21; ECF No. 22 (certifying that service was effectuated); Tr., ECF No. 27 at 6. At the hearing, Genus' Vice President of Engineering and Systems, Arvind Jindia, provided live, credible testimony under oath, and multiple exhibits were admitted in evidence. Tr., ECF No. 27 at 5-62; ECF No. 26-2, Exs. A-DD. For the reasons set forth below, we will enter default judgment against Tapasya and award $1,773,467 in damages.

### I.      BACKGROUND

Because Tapasya has not appeared, we must rely on Genus' filings and the exhibits admitted in evidence to recite the relevant facts.

Genus is a specialty pharmaceutical company that produces branded and generic pharmaceutical products. Tr. at 9. In 2016, Genus and Tapasya entered into a vendor contract and two purchase orders where Tapasya agreed that it would provide Genus with equipment that satisfied certain requirements. ECF No. 26-2, Exs. A-C; Tr. at 18-19. The agreement included a specific timeline and granted Genus the right to inspect and reject equipment that did not conform to its requirements. ECF No. 26-2, Ex. A ¶¶ 3, 6. Of the equipment Genus purchased, some are currently in use, some items were rejected and returned, some items were canceled, and one item was rejected and scrapped at Tapasya's request. Tr. at 18-23, 36, 41-47; Demonstrative Ex. D-1, ECF No. 26-1. Additionally, Genus failed to deliver any of the products in the first purchase order on time. Tr. at 25, 47; Demonstrative Ex. D-1 at 1, 3. Tapasya failed to reimburse Genus for returned and cancelled products, late penalty costs, and costs incurred for calibrating or replacing inadequate equipment. *See* ECF No. 26-2, Exs. E–I (emails where Genus requests and Tapasya agrees to refund payments).

### II.     STANDARD OF REVIEW

A request for default judgment under Rule 55(b)(1) is addressed to the Clerk. *See* Fed. R. Civ. P. 55(b)(1). The purpose of this rule is to relieve the Judge of less complicated functions, but certain requirements must be satisfied to ensure that the Clerk is not acting in place of a Judge. *See* Wright & Miller, § 2683 (4th ed. 2021). We must determine whether (1) the defaulting party is not a minor, incompetent person, the United States, its officers, or agencies, or a member of the military; (2) the defaulting party has not appeared during the case; and (3) "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1), (d); 50 U.S.C. § 3931.

In a contract dispute, damages are sum certain, or can be made certain by computation, when the damages are "calculated by the method of computation provided in the agreement." *See Collex, Inc. v. Walsh*, 74 F.R.D. 443, 450-51 (E.D. Pa. 1977). Any damages that require the Court's discretion are not sum certain. *See Kolmar Korea Co., Ltd. v. Process Techs. & Packaging, LLC*, No. 3:19-CV-1651, 2019 WL 9851590, at *1 n.2 (M.D. Pa. Nov. 19, 2019) (reasonable attorney's fees not sum certain); *Butler v. Experian*, No. 14-07346, 2016 WL 4699702, at *1 n.2 (E.D. Pa. Sept. 7, 2016) (statutory damages are not sum certain).

### III.     DISCUSSION

We find that Genus satisfies the threshold requirements. First, as a corporation, Tapasya is not a minor, incompetent person, the United States, its officers, or agencies, or a member of the military. *See* Compl. ¶ 3 ("Tapasya is an Indian private limited company . . . ."). Second, Tapasya has not appeared in the case. ECF No. 20 ¶ 9; Tr. at 1, 6 (no appearance at hearing).

We next consider whether damages claimed by Genus are sum certain. Genus claims $1,773,467 in damages. Tr. at 12; Demonstrative Ex. D-1. We find this amount is both capable of calculation and based on specific provisions in the agreement between the parties.

First, Genus requests "$658,126 for cancelled products and defective products that Genus returned, attempted to return, or otherwise disposed . . . ." ECF No. 20 ¶ 14(a); Demonstrative Ex. D-1. The parties' agreement established that Genus had the right under the contract to "reject the [the products] in whole or in part for full credit or require prompt action or replacement at Seller's expense, including costs of delivery and return." ECF No. 26-2, Ex. A ¶ 6. Genus ordered HSG 400 and paid $142,403.00 before canceling the order, ordered HSG 50 and paid $110,129.00 before returning the equipment, ordered HSG LAB and paid $82,304.00 before returning the equipment, ordered Tray Dryer Lab Model and paid $6,206.00 before scrapping the equipment at Tapasya's request, ordered Tray Dryer ATM and paid $59,926.00 before canceling the order, ordered Fluid Bed S12 and paid $97,331.00 before canceling the order, ordered Fluid Bed Spray Arrangement and paid $70,580.00 before planning to return the equipment, and ordered HSG S12 and paid $89,247.00 before canceling the order. Tr. at 41-47; Demonstrative Ex. D-1. The sum of these amounts is $658,126. Tr. at 47. Thus, Genus' damages for returned and cancelled products are capable of mathematical calculation.

Second, Genus requests $17,200 "for costs Genus incurred to return the defective products and $5,797 for costs Genus incurred to calibrate the defective products . . . ." ECF No. 20 ¶ 14(b); Demonstrative Ex. D-1; Tr. at 12, 51 (noting a receipt was included by mistake in the calculation in an earlier filing). The requested amounts are the actual costs that Genus paid. Tr. at 50.

Third, Genus requests "$28,701.60 in penalty, as specified in the parties' contract, for failing to timely deliver the products . . . ." ECF No. 20 ¶ 14(c). Genus had the right under the contract to receive up to a 5% penalty on the purchase price for equipment that was not delivered before July 30, 2016 (five weeks after June 25, 2016). ECF No. 26-2, Ex. A ¶ 3. On July 12, 2017, Genus canceled orders for two pieces of equipment, in part, due to the delays. ECF No. 26-2, Ex.

H. The equipment otherwise not cancelled was not received until the fourth quarter of 2016. Thus, Genus seeks $28,701.60, 5% of the total purchase price for the first purchase order, for the late penalty.

Fourth, Genus requests $1,063,643 "in costs Genus incurred to purchase replacement equipment and redesign equipment due to Tapasya's untimely delivery and defective products . . . ." ECF No. 20 ¶ 14(d); Demonstrative Ex. D-1 (reducing requested amount from Complaint based on presented evidence in Exhibits M–X). Genus paid $128,867.00 more for Glatt 200 L HSG to replace Tapasya's HSG 400, $163,355.00 more for Glatt 25 L HSG to replace Tapasya's HSG 50, and $331,163.00 more for Glatt WS Combo 250 Fluid Bed to replace Tapasya's Fluid Bed S12. Demonstrative Ex. D-1; ECF No. 26-2, Exs. N–BB. Genus paid an additional $440,258.00 to modify the Glatt WS Combo 250 Fluid Bed to operate in its facility. Demonstrative Ex. D-1; ECF No. 26-2, Exs. Y–DD (providing invoices where the sum of these invoices equals the alleged modification cost). The requested amount, $1,063,643, is the sum of these additional payments.

Together, these four categories of damages total $1,773,467. Demonstrative Ex. D-1.

IV. **CONCLUSION**

Genus submitted documentary evidence and live, sworn testimony to substantiate its claims. To date, Tapasya has not appeared in this Court. For the foregoing reasons, the Clerk of the Court is instructed to enter default judgment against Tapasya and award $1,773,467 in damages. Genus shall serve a copy of this memorandum opinion and the accompanying judgment in the same manner it served notice of the hearing, *see* ECF No. 21, and shall publish notice of this judgment in the two trade publications it identified, ECF No. 29 ¶ 5, 7. An appropriate order follows.

BY THE COURT:

**/s/ Chad F. Kenney**
**CHAD F. KENNEY, JUDGE**